# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 99-CR-0097-001-CVE |
| | ) (14-CV-0336-CVE-PJC) |
| DEMARQUES M. MORRIS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's Second in Time Informal Motion pursuant to 28 U.S.C. § 2255 Concerning Alleyne/Apprendi Issues (Dkt. # 162). Defendant argues that his sentence should be reduced in light of the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). He acknowledges that he previously filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, but he asserts that Alleyne had not been decided when his prior § 2255 motion was filed and this motion (Dkt. # 162) should not be treated as a second or successive § 2255 motion. Dkt. # 162, at 4.

In a superseding indictment (Dkt. # 2), defendant was charged with interference with commerce by threats or violence (counts one, four, and six), bank robbery (counts three and eight), and using or carrying a firearm in furtherance of a crime of violence (counts two, five, and seven). The case was assigned to the Honorable H. Dale Cook. Counts six and seven were dismissed before trial, and defendant exercised his right to a jury trial on the remaining counts. Defendant was convicted of counts one, two, three, four, five, and eight, and he was sentenced to a total term of

imprisonment of 670 months.[1]  Defendant appealed his convictions and sentence, and the Tenth Circuit Court of Appeals affirmed.  Dkt. # 134.  Defendant filed a § 2255 motion (Dkt. # 139) asserting that he received ineffective assistance of counsel before and during the trial, and his § 2255 motion was denied.  Dkt. # 151.  Defendant filed a motion seeking information to aid him in drafting a second § 2255 motion (Dkt. # 157), and the case was reassigned to the undersigned.  The Court advised defendant to contact his former attorney for a copy of his case file, and defendant was instructed that a second or successive § 2255 would have to be filed with the Tenth Circuit.  Dkt. # 158.

Defendant has filed a second § 2255 motion (Dkt. # 162), but he argues that the motion should not be subject to restrictions on the filing of second or successive § 2255 motions.  Dkt. # 162.  He claims that his arguments are based on the Supreme Court's decision in Alleyne, and his motion should be treated as an original § 2255 motion because Alleyne had not been decided when he filed his first § 2255 motion.  Dkt. # 162, at 4.  Defendant's argument fails for two reasons.  First, the mere fact that a Supreme Court case had not been decided when a defendant filed his original § 2255 motion is not by itself a sufficient basis to avoid the restrictions on filing a second or successive § 2255 motion.  United States v. Rogers, 2014 WL 1408895 (10th Cir. Apr. 14, 2014).[2]  Second, the Tenth Circuit has determined that Alleyne did announce a new rule of constitutional law but Alleyne is not applicable to cases on collateral review.  In re Payne, 733 F.3d 1027, 1029 (10th

---

[1] Defendant received a sentence of 70 months as to counts one, two, three, and eight, and the sentences are to be served concurrently.  Defendant had a prior conviction under 18 U.S.C. § 924(c), and he received two consecutive sentences of 300 months on his convictions for using or carrying a firearm in furtherance of a crime of violence.  This resulted in a total sentence of 670 months imprisonment.  Dkt. # 112.

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1: 10th Cir. R. 32.1.

2

Cir. 2013). Alleyne announced a new rule of constitutional law but it was also an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), and other Supreme Court decisions that have announced extensions of Apprendi have not been made retroactively applicable to cases on collateral review. In other words, Alleyne may not be the basis for a second or successive § 2255 motion. Defendant's motion (Dkt. # 162) should be treated as a second or successive § 2255 motion, and the Court lacks jurisdiction to consider the motion.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant argues that he was not charged with an offense under § 924(c)(1)C)(i) and the jury did not make a finding that he had a prior conviction under § 924(c), and his constitutional rights were violated when he was sentenced to consecutive mandatory minimum sentences under § 924(c)(1)(C)(i). This argument is meritless. Alleyne did not upset the well-established principle that the fact of a prior conviction need not be found by a jury and a defendant's sentence can be enhanced based on a prior conviction even if the prior conviction is not identified in the indictment. Alleyne, 133 S. Ct. at 2160 n.1. Defendant's presentence investigation report shows that he did have a prior conviction under § 924(c), and defendant received consecutive sentences of 300 months for each of his § 924(c) convictions in this case. Alleyne would not have changed defendant's sentence. In addition, the Court has already noted that Alleyne did not announce a new rule of constitutional law that is retroactively applicable to cases on collateral review. It would be a waste of judicial resources to transfer defendant's motion to the Tenth Circuit, and his motion (Dkt. # 162) should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Second in Time Informal Motion pursuant to 28 U.S.C. § 2255 Concerning Alleyne/Apprendi Issues (Dkt. # 162) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 24th day of June, 2014.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE